IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES WILLIAM WALKER, | CV 22-081-BU-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondent. | |

This case comes before the Court on Montana pro se Petitioner James William Walker's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 2.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted). As explained below, the Court lacks jurisdiction to consider Walker's second petition

1

for habeas relief related to his 2017 conviction. The petition will be dismissed.

## I.     28 U.S.C. § 2254

The petition at hand is the second one Walker has filed in this Court. He filed his first in 2018. That petition, which challenged his 2017 conviction for aggravated assault, was dismissed with prejudice. Doc. 25, *Walker v. McTighe et al.*, CV 18-28-BU-BMM-KLD (January 22, 2020).

 Since the disposition of his last petition, Walker has continued challenging his conviction in the state courts.  He filed a "Motion in the Nature of Writ of Error Coram Nobis" under the caption of his criminal case. (Doc. 2-2 at 47.) The state district court construed this motion as a petition for postconviction relief, given that Montana no longer recognizes the writ of coram nobis, and denied it. (Doc. 2-2 at 20.) Walker appealed this ruling to the Montana Supreme Court and requested appellate counsel. The motion for counsel was denied. *State v. Walker*, DA 22-0626 (Nov. 9, 2022). It appears from the publicly available docket that the Montana Supreme Court has not yet ruled on Walker's appeal. (supremecourtdocket.mt.gov, viewed April 5, 2023.)

Walker is not finished in state court, and thus his petition is premature here. Even if the Montana Supreme Court had ruled on his latest effort, however, this Court lacks jurisdiction to consider any further challenges to Walker's 2017 conviction unless and until the Ninth Circuit authorizes him to file a successive

petition.  See, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Walker may not proceed in this Court.

## II.  CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1.      Walker's Petition (Doc. 2) is DENIED and DISMISSED with

prejudice.

2.      The Clerk of Court is directed, by separate document, to enter

Judgment in favor of Respondent and against Petitioner.

3.      A certificate of appealability is DENIED.

DATED this 5th day of April, 2023.


_____
Brian Morris, Chief District Judge
United States District Court